# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. H-08-640-5 |
| | § | |
| DAVID VASSER | § | |

## MEMORANDUM AND ORDER

This criminal case is before the Court on Defendant David Vasser's Motion for Bond Pending Appeal ("Motion") [Doc. # 455] and Motion for Extension of Surrender Deadline [Doc. # 485]. The United States filed a Response [Doc. # 486]. Having carefully considered the record in this case and having applied the governing legal authorities, the Court **denies** both motions.[1]

There is no constitutional right for a defendant to be released on bond after being convicted and sentenced for an offense. *See United States v. Williams,* 822 F.2d 512, 517 (5th Cir. 1987). Under federal law, there is a presumption against granting a defendant bail after conviction and sentencing. *See id.*; 18 U.S.C. § 3143(b). To obtain bail pending appeal, the convicted defendant must prove by clear and

---

[1] The request to extend the surrender date is based on the argument that Vasser should not be required to surrender until the Court decides the Motion for Bond Pending Appeal. Because the Court herein denies the Motion for Bond Pending Appeal, the Motion for Extension of Surrender Deadline will also be denied.

convincing evidence each of the following four factors: "(1) that the defendant is not likely to flee or pose a danger to the safety of any other person or the community if released; (2) that the appeal is not for purpose of delay; (3) that the appeal raises a substantial question of law or fact; and (4) that if that substantial question is determined favorably to defendant on appeal, that decision is likely to result in reversal or an order for a new trial of all counts on which imprisonment has been imposed." *United States v. Valera-Elizondo,* 761 F.2d 1020, 1025 (5th Cir. 1985); *see also Williams*, 822 F.2d at 517. A question of law or fact is "substantial" if it raises a substantial doubt and could "very well be decided the other way" by the Court of Appeals. *See United States v. Clark*, 917 F.2d 177, 180 (5th Cir. 1990).

Regarding the first two factors, the Court finds that there is little likelihood that Vasser will flee or pose a danger to the community if released during appeal, and finds that Vasser is not pursuing an appeal solely for the purpose of delay.

Regarding the last two factors, however, the Court finds that Vasser has not shown by clear and convincing evidence that there are substantial issues on appeal that are likely to result in his conviction being overturned or reversed. Vasser identifies two issues to be asserted on appeal – the sufficiency of the evidence and the denial of his motion to exclude Rule 404(b) evidence at trial. Regarding the sufficiency of the evidence, the Court notes that the appellate court will review the evidence in the light

most favorable to the verdict. *See United States v. Jackson*, 625 F.3d 875, 886 (5th Cir. 2010). The Court clearly recollects the evidence presented at trial. The United States presented direct testimony from co-conspirators and documentary evidence that fully supported the jury's verdict of guilty.

Regarding the 404(b) evidence, the appellate court will apply an abuse of discretion standard of review and will reverse only if the defendant demonstrates prejudice. *See United States v. Cockrell*, 587 F.3d 674, 678 (5th Cir. 2009). In this case, the 404(b) evidence related to Vasser's purchase of two pieces of real property just prior to the conspiracy dates alleged in the indictment. The evidence was clearly relevant and probative on the issues of Vasser's intent, knowledge, and the absence of mistake. Although the evidence was contrary to Vasser's position at trial, the Court concluded pre-trial and continues to find that the probative value of the admitted Rule 404(b) evidence was not substantially outweighed by the danger of unfair prejudice.

The evidence presented at trial against Vasser was substantial and clearly supported the jury's verdict. Because the direct testimony of co-conspirators and the documentary evidence against Vasser was considerable, it is unlikely that the exclusion of the Rule 404(b) evidence would have altered the outcome at trial. Consequently, even if the admission of the Rule 404(b) evidence were incorrect, there

was no prejudice to Vasser. Based on the foregoing, the Court finds that Vasser has not demonstrated by clear and convincing evidence that the two issues he raises on appeal are substantial issues that are likely to result in a reversal of his conviction or sentence. Accordingly, it is hereby

**ORDERED** that Vasser's Motion for Bond Pending Appeal [Doc. # 455] is **DENIED**. It is further

**ORDERED** that the Motion for Extension of Surrender Deadline [Doc. # 485] is **DENIED**.

SIGNED at Houston, Texas, this **10th** day of **February, 2011**.

_____
Nancy F. Atlas
United States District Judge